1    WRIGHT, FINLAY & ZAK, LLP
     T. Robert Finlay, Esq., SBN 167280
2    Nicole K. Neff, Esq., SBN 257964
     4665 MacArthur Court, Suite 280
3    Newport Beach, CA  92660
     Tel: (949) 477-5050; Fax: (949) 477-9200
4    rfinlay@wrightlegal.net; nneff@wrightlegal.net

5

6    Attorneys for Defendant, MERIDIAS CAPITAL, INC.

7               **UNITED STATES DISTRICT COURT**

8          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

9    GARY T. WONG and MARIA WONG,    )   Case No.  2:09-CV-01506 FCD
                                         )
10                  Plaintiffs,        )   **NOTICE OF MOTION AND MOTION TO**
11                                          )   **DISMISS PLAINTIFF'S COMPLAINT**
            vs.                     )   **FOR FAILURE TO STATE A CLAIM**
12                                          )   **UPON WHICH RELIEF CAN BE**
13    AMERICAN SERVICING COMPANY,    )   **GRANTED OR, IN THE ALTERNATIVE,**
     INC., LITTON LOAN SERVICING, FIRST )   **FOR A MORE DEFINITE STATEMENT**
14    AMERICAN LOANSTAR TRUSTEE      )
     SERVICES, MORTGAGE ELECTRONIC   )   **[FRCP Rule 12(b)(6), (e)]**
15    REGISTRATION SYSTEMS, INC.,      )
     MERIDIAS CAPITAL, INC., WILLIAM A   )   **Hearing**
16    ARRIOLA and BRENT HICKS and, DOES )   Date:  October 16, 2009
     1 through 20 inclusive,                 )   Time:  10:00 a.m.
17                                           )   Crtrm:  02
18               Defendants.         )
19                                           )   *[Filed Concurrently with Request for Judicial*
                                         )   *Notice in Support Thereof and (Proposed)*
20    _____ )   *Order]*

21

22        **TO THE HONORABLE COURT AND ALL PARTIES AND THEIR**
23

24 **ATTORNEYS OF RECORD, IF ANY:**

25        **PLEASE TAKE NOTICE** that this matter is scheduled before the Court on October 16,

26 2009 of the above-captioned Court, located at 501 "I" Street, Sacramento, California, 95814

27 Defendants, MERIDIAS CAPITAL, INC. ("Meridias"), by and through their attorneys of record,

28 Wright, Finlay & Zak, LLP, will move this Court for an Order dismissing it from the Complaint

i

---

<strong>MOTIONS TO DISMISS, FOR A MORE DEFINITE STATEMENT</strong>

of Plaintiffs, GARY T. WONG and MARIA WONG, pursuant to Federal Rules of Civil Procedure ("FRCP"), Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Such motion will be brought on the grounds that, after reviewing the non-conclusive allegations of the Complaint, Plaintiffs have failed to plead the essential facts which give rise to their claims and/or the claims are barred (1) on their face and/or (2) as a result of matter which may properly be judicially noticed by the Court.

**PLEASE TAKE FURTHER NOTICE** that, in addition to the above, Meridias will alternatively move this Court for an Order requiring Plaintiffs to provide a more definite statement of their claims pursuant to FRCP Rule 12(e).

These Motions are based upon this Notice, the supporting memorandum of points and authorities set forth below, the Request for Judicial Notice filed concurrently herewith, the complete files and records in this action, the oral argument of counsel, if any, and such other and further evidence as the Court might deem proper.

Respectfully submitted,

WRIGHT, FINLAY & ZAK, LLP

Dated:  August 24, 2009          By:  /T. Robert Finlay, Esq./
                                      T. Robert Finlay, Esq.
                                      Nicole K. Neff, Esq.
                                      Attorneys for Defendants,
                                      MERIDIAS CAPITAL, INC.

ii

**MOTIONS TO DISMISS, FOR A MORE DEFINITE STATEMENT**

1

## <u>TABLE OF CONTENTS</u>

2

PAGE

3  MEMORANDUM OF POINTS AND AUTHORITIES ........................ 1

4  I.    INTRODUCTION ........................ 1

5  II.    STATEMENT OF FACTS ........................ 1

6  III.   DISCUSSION ........................ 2

7      A.    The Standards To Be Applied To A Motion To Dismiss ........................ 2

8      B.    The Complaint Lacks A Claim Upon Which Relief Can Be Granted ........................ 3

9          1.    Plaintiffs' Complaint Confuses the Role of the Loan Broker

10              and Meridias in this Transaction ........................ 3

11          2.  Plaintiffs' TILA Claim is Defective ........................ 4

12              a.    Monetary Damages under TILA ........................ 4

13          3.    Plaintiffs' Negligence Claim is improper and insufficient. ........................ 6

14              a.    The Elements of Negligence are inadequately pled. ........................ 6

15              b.    This Claim is barred by the Economic Loss Doctrine ........................ 8

16          4.    The Fifth & Ninth Causes of Action are inapplicable. ........................ 9

17          5.    Plaintiff's claim for Fraud fails. ........................ 11

18          6.    The Seventh Cause of Action for Violation of *Bus. &*

19              *Prof.* § § 17200 is defective. ........................ 14

20          7.    The Breach of Contract Cause of Action is insufficient ........................ 17

21      C.    Alternatively, A More Definite Statement Is Required ........................ 18

22  IV.   CONCLUSION ........................ 19

23

24

25

26

27

28

**MOTIONS TO DISMISS, FOR A MORE DEFINITE STATEMENT**

# TABLE OF AUTHORITIES

**CASES**          **PAGE**

*Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)    2

*Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 533-534 (9th Cir. 1984)    2

*Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990)    2

*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007)    2,7

*McCarthy v. Mayo*, 827 F.2d 1310, 1316 (9th Cir. 1987)    2

*Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)    2

*Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998)    2

*Sumner Peck Ranch v. Bureau of Reclaimation*, 823 F. Supp. 715, 720 (E.D. Cal. 1993)    2

*Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006)    2

*Sears, Roebuck & Co. v. Metropolitan Engraver, Ltd.,* 245 F.2d 67, 70 (9th Cir. 1956)    3

*Monaco v. Bear Stearns Residential Mortg. Corp.,*
554 F. Supp. 2d 1034, 1039 (C.D. Cal. 2008)    4

*King v. State of Cal.*, 784 F.2d 910, 915 (9th Cir. 1986)    4

Meyer v. Ameriquest Mortg. Co., 342 F.3d 899,902 (9th Cir.2003).    4

*Nichols v. Greenpoint Mortgage Funding Inc.,* 2008 WL 3891126 (C.D.Cal.)    4

*Edejer v. DHI Mortgage Company*, 2009 WL 1684714 *4 (N.D.Cal. 2009)    4

In re Schweizer, 254 B.R.272, 280 (Bkrtcy.D.Idaho 2006)    5

*French v. Wilson,* 446 F.Supp 216, 218 (D.C.R.I. 1978)    5

*Yamamoto v. Bank of New York,* 329 F.3d 1167, 1173 (9th Cir. 2003)    6

*Am. Mortgage Network v. Shelton,* 486 F.3d 815, 821 (4th Cir.2007)    6

*Peter W. v. San Francisco Unified School Dist.,* 60 Cal. App. 3d 814, 820 (1976)    7

*Vasquez v. Residential Investments, Inc.,* 118 Cal.App.4th 269, 278.    7

*Nymark v. Heart Fed. Savings & Loan Assoc.*, 231 Cal.App.3d 1089 (1991)    7

*Wagner v. Benson*, 101 Cal.App.3d 27, 35 (1980)    7

*Connor v. Great W. Savs. & Loan Ass'n.*, 69 Cal.2d 850 (1968)    7

*Foley v. Interactive Data Corp.,* (1988) 47 Cal.App. 3d 654, 696    8

**MOTIONS TO DISMISS, FOR A MORE DEFINITE STATEMENT**

| | | |
|---|---|---|
| 1 | *Applied Equipment Corporation v. Litton Saudi Arabia Ltd.,* (1994) 7 Cal. 4th 503. | 8 |
| 2 | *Erlich v. Menezes,* (1999) 21 Cal. 4th 543. | 8 |
| 3 | *Freeman & Mills, Inc. v. Belcher Oil Company* (1995) 11 Cal. 4th 85, 94 | 8 |
| 4 | *Price v. Wells Fargo* (1989) 213 Cal.App. 3d 465 | 8 |
| 5 | *Kim v. Sumitomo Bank of California* (1993) 17 Cal.App. 4th 974, 978-980. | 8,9 |
| 6 | *Selden v. Diner,* 17 Cal. App. 4th 166, 172 (1993) | 9 |
| 7 | *Aas v. Super. Ct.,* 24 Cal. 4th 627, 652–53 (2000) | 9 |
| 8 | *Software Design & App. Ltd. v. Hoelter & Arnett, Inc.,* 56 Cal.Rptr.2d 756,760 (1996). | 10 |
| 9 | *Racine & Laramie, Ltd. v. Department of Parks & Recreation,* | |
| 10 | 11 Cal.App.4th 1026, 1034 (1992) | 11 |
| 11 | *Mitsui Manufacturers Bank v. Superior Court,* 212 Cal.App.3d 726, 728 (1989) | 11 |
| 12 | *Deutsch v. Flannery,* 823 F.2d 1361, 1365 (9th Cir. 1987) | 12 |
| 13 | *Carl v. Galuska,* 785 F.Supp. 1283, 1287 (N.D.Ill.1992) | 12 |
| 14 | *Bruns v. Ledbetter,* 583 F.Supp. 1050, 1051-1052 (S.D. Cal. 1984) | 12 |
| 15 | *Moore v. Kayport Package Exp., Inc.,* 885 F.2d 531, 541 (9th Cir. 1989) | 12 |
| 16 | *Miller v. Allstate Ins. Co.,* 489 F.Supp.2d 1133, 1139 (S.D. Cal. 2007) | 12 |
| 17 | *Small v. Fritz Cos., Inc.,* 30 Cal.4th 167, 184 (2003) | 12 |
| 18 | *Billy v. Arthur Young & Co.,* 3 Cal.4th 370, 407 (1992) | 12 |
| 19 | *Tarmann v. State Farm Mutual Auto Ins. Company,* 2 Cal.App.4th 153, 157 (1991) | 12 |
| 20 | *Glen Holly Entm't v. Tektronix, Inc.,* | |
| 21 | 100 F.Supp.2d. 1086, 1094, 1096 n. 2 (C.D. Cal. 1999) | 12 |
| 22 | *Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.,* | |
| 23 | 940 F.2d 397, 405 (9th Cir. 1991). | 12 |
| 24 | *Brown v. Wells Fargo Bank, NA,* 168 Cal. App. 4th 938, 958 (2008). | 14 |
| 25 | *Soliman v. Philip Morris Inc.,* 311 F.3d 966, 975 (9th Cir. 2002) | 14 |
| 26 | *Shamsian v. Atlantic Richfield Co.,* 107 Cal. App. 4th 967, 983 (2003) | 14 |
| 27 | *Stewart v. Life Ins. Co. of North America,* 388 F.Supp.2d 1138, 1143 (2005) | 14 |
| 28 | *Lippitt v. Raymond James Fin. Servs.,* 340 F.3d 1033, 1043 (2003) | 14 |

v

**MOTIONS TO DISMISS, FOR A MORE DEFINITE STATEMENT**

1   *Khoury v. Maly's of California, Inc.,* 14 Cal.App.4th 612, 619 (1993)   15

2   *Mangini v. Aerojet-General Corp.,* 230 Cal.App.3d 1125, 1155-56 (1991)   15

3   *Saunders v. Superior Court,* 27 Cal.App.4th 832, 838-39 (1994)   15

4   *People v. McKale,* 25 Cal.3d 626, 632 (1979)   15

5   *People v. Casa Blanca Convalescent Homes, Inc.,* 159 Cal.App.3d 509, 530 (1984)   15

6   *Olsen v. Breeze, Inc.,* 48 Cal.App.4th 608, 617-618 (1996)   15

7   *Bank of the West v. Superior Court,* 2 Cal.4th 1254, 1267 (1992)   15

8   *Stickrath v. Globalstar, Inc.,* 527 F.Supp.2d 992, 989 (2007)   15

9   *Freeman v. Time, Inc.,* 68 F.3d 285, 289 (1995)   15

10   *Consumer Advocates v. Echostar Satellite Corp.,* 113 Cal.App.4th 1351, 1360 (2003)   15

11   *California State Board Of Funeral Directors And Embalmers* v. *Mortuary in*

12   *Westminster Memorial Park,* 271 Cal.App.2d 638, 642 (1969)   15

13   *Audio Fidelity, Inc. v. High Fidelity Recordings, Inc.,* 283 F.2d 551, 557 (1960)   15

14   *Express, LLC v. Fetish Group, Inc.,* 464 F.Supp.2d 965, 980 (2006)   15

15   *Williams v. Gerber Products Co.,* 552 F.3d 934, 938 (2008)   15

16   *Brockey v. Moore,* 107 Cal.App.4th 86, 100 (2003)   15

17   *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.,*

18   20 Cal.4th 163, 179 (1999)   16

19   *ABC Int'l Traders, Inc. v. Matsushita Electric Corp.,* 14 Cal.4th 1247, 1268 (1997)   16

20   *Cel-Tech Communications, Inc.,* 20 Cal.4th at 179   16

21   *Emery v. Visa Internat. Service Ass'n,* 95 Cal.App.4th 952, 960 (2002)   16

22   *Gilmore v. Lycoming Fire Ins. Co.,* 55 Cal. 123, 124 (1880)   16

23   *Poirier v. Gravel,* 88 Cal. 79, 82 (1891)   16

24   *Levy v. State Farm Mut. Auto Ins. Co.,* 150 Cal. App. 4th 1, 5 (2007)   16

25   *Winet v. Price,* 4 Cal.App.4th 1159, 1165,  (1992)   16

26   *FRA S.P.A v. Surg-O-Flex of America,* 415 F. Supp. 421, 427 (S.D.N.Y. 1976)   18

27   *Famolare, Inc. v. Edison Bros. Stores, Inc.,* 525 F. Supp. 940, 949 (E.D. Cal. 1981)   18

28   *Frederick v. Koziol,* 772 F. Supp. 1019 (E.D. Va. 1990)   18

vi

**MOTIONS TO DISMISS, FOR A MORE DEFINITE STATEMENT**

**STATUETS**

15 U.S.C. § 1640(e)                                                                    4

15 U.S.C. § 1635(e).                                                                   5

12 C.F.R. § 226.23(d)(3)                                                               5

15 U.S.C. § 1635(b)                                                                    5

*Code of Civil Procedure* § 335.1.                                                    6

*FRCP*, Rule 12(b)(6)                                                         6,11,14,16,18

*Bus. & Prof. Code* § 17500                                                           14

*Business & Professions Code* § 17200.                                               16

**OTHER AUTHORITIES**

1 Witkin, Summary of California Law, (10th ed. 2005) Contracts § 802 p. 895.        10

B.E. Witkin, *California -Procedure,*

Vol. 4 Pleading §515, pg. 648 (WEST 5th Ed., 2008)                                  16

**MOTIONS TO DISMISS, FOR A MORE DEFINITE STATEMENT**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiffs' FAC is a generic boilerplate complaint, which Plaintiffs are bringing to stall the rightful foreclosure and eviction of their homes.  The mere fact that these identical frivolous complaints are being filed in abundance[1] is evidence enough that they are without merit.  Here, Plaintiffs are using the newest way to challenge a foreclosure by seeking rescission under TILA.  In addition, Plaintiffs bring nine other causes of action, all of which are filled with generalities and conclusions which fail to state a claim against Defendants.

Specifically, Plaintiffs allege that during the loan origination process, their mortgage broker misrepresented material terms to them and as a result, the loan should be rescinded and any foreclosure proceedings halted.  However, Plaintiffs are not entitled to rescission under TILA, nor have Plaintiffs stated a valid claim against any of the Defendants.  Thus, for the reasons stated below, Defendant Meridias requests that the Court grant its Motion to Dismiss with prejudice.

## II.  STATEMENT OF FACTS

On June 1, 2006, Plaintiffs executed two promissory notes ("Notes" or "Loans") in order to purchase the property located at 4510 Farrier Way, Roseville CA 95747 (the "Property").[2] The First Note in the principal amount of $625,796.00, in favor of the lender Meridias Capital, Inc. ("Meridias") and was secured by a First Deed of Trust ("First DOT") recorded against the Property.[3]  The Second Note in the principal amount of $156,449.00, also in favor of Meridias was secured by a Second Deed of Trust ("Second DOT").

The First DOT was later assigned to US Bank National Association, as Trustee for CSMC ARMT 2006-3, who through its agents initiated the foreclosure proceedings after

---

[1] Request for Judicial Notice filed concurrently herewith ("RJN"), Exhibit "8."
[2] RJN, Exhibits "1", "2" & "3."
[3] RJN, Exhibit "2."

-1-

**MOTIONS TO DISMISS, FOR A MORE DEFINITE STATEMENT**

1  Plaintiffs' default on the First Note.[4] Plaintiffs now bring this action as an attempt to stall the

2  rightful foreclosure of the Property.

3  ### III.   DISCUSSION

4  **A.    The Standards To Be Applied To A Motion To Dismiss.**

5  It is well-established that a complaint may be dismissed pursuant to *FRCP*, Rule

6  12(b)(6) if it appears beyond doubt that plaintiff can prove no set of facts in support of its claim

7  which would entitle it to relief.[5] A complaint may be dismissed as a matter of law under *FRCP*,

8  Rule 12(b)(6) for (a) lack of a cognizable legal theory or (b) insufficient facts under a

9  cognizable legal claim.[6] "[F]actual allegations must be enough to raise a right to relief above

10  the speculative level"[7] and "more than labels and conclusions, and a formulaic recitation of the

11  elements of a cause of action" must be alleged.[8] When ruling on a motion to dismiss, conclusory

12  allegations are disregarded[9] and the court may not "supply essential allegations of the claim that

13  were not initially pled."[10]

14  Also, documents integral to a plaintiff's claims *may be attached* to a motion to dismiss

15  because plaintiff is obviously aware of their contents and it prevents "plaintiffs from surviving a

16  Rule 12(b)(6) motion by deliberately omitting reference to documents upon which their claims

17  are based."[11] Likewise, the court does not have to accept alleged facts as true, when they

18  contradict matters subject to judicial notice.[12]

19  ///

20

---

21  [4] RJN, Exhibits "5" – "7."

22  [5] *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

23  [6] *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-534 (9th Cir. 1984); see generally *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).

24  [7] *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (internal citations omitted).
[8] *Id.*

25  [9] *McCarthy v. Mayo*, 827 F.2d 1310, 1316 (9th Cir. 1987).

26  [10] *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).
[11] *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998); see also *Sumner Peck Ranch v.*

27  *Bureau of Reclamation*, 823 F. Supp. 715, 720 (E.D. Cal. 1993); *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (a "court may consider evidence on which the complaint 'necessarily

28  relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion.")

**MOTIONS TO DISMISS, FOR A MORE DEFINITE STATEMENT**

**B.**  **The Complaint Lacks A Claim Upon Which Relief Can Be Granted.**

    **1.**  **Plaintiffs' Complaint Confuses the Role of the Loan Broker and Meridias in this Transaction**

        As an initial matter, Plaintiffs have alleged the Defendants Meridias, Arriola and Hicks sold Plaintiffs the loan in question. Throughout the complaint, Plaintiffs name and discuss Defendant Hicks, who acted as a loan officer and employee of Meridias.  Plaintiffs allege that Hicks was not licensed by the California Department of Real Estate ("DRE").  Further, Plaintiffs solely allege that Arriola was a real estate Broker licensed by the DRE and the broker of record for Meridias; no allegations are presented that Arriola was, in fact, any way involved with the subject transaction of the Plaintiffs.  Plaintiffs appear to be inferring that by virtue of Arriola being a DRE broker of record for Meridias, although never being alleged to have participated in the transaction, that Arriola's DRE Broker's license was used to issue the Loan. Plaintiffs overlook the fact that Meridias is also licensed by the Department of Corporations for California and thus, it may, and did in the present matter, make home loans without the need of a real estate broker's license under the DRE. The fact that Meridias used its Dept of Corp. license to issue the loan is even further evidenced by the fact that if Arriola's DRE Broker's license was utilized to obtain the loan, Hicks would had to have been a license real estate agent with the DRE working under Arriola's Broker's license. As the Complaint admits, Hicks is not licensed by the DRE, yet, Hicks was nonetheless permitted, through Meridias' license with the Dept of Corp., to issue the subject loan. Therefore, Plaintiffs' attempts in the Complaint to impose certain duties on the subject transaction, fiduciary and otherwise, by claiming a licensee of the DRE issued the loan are not only factually false, but entirely unsubstantiated.

///

///

///

///

///

---

[12] *Sears, Roebuck & Co. v. Metropolitan Engraver, Ltd.,* 245 F.2d 67, 70 (9th Cir. 1956).

-3-

---

**MOTIONS TO DISMISS, FOR A MORE DEFINITE STATEMENT**

## 2.     Plaintiffs' TILA Claim is Defective.

### a. Monetary Damages under TILA

First, any action under TILA for monetary damages must be brought within one-year from the date of the occurrence of the violation.[13] This limitations period runs from the date of consummation of the transaction,[14] which means "the time that a consumer becomes contractually obligated on a credit transaction."[15] Additionally, except in rare circumstances, the commencement of the limitations period must commensurate with the consummation of the transaction (i.e. there will be no "continuing violation" that will extend the limitations period).[16] Here, Plaintiffs became contractually obligated under the Notes on June 1, 2006,[17] but they bring this claim exactly (3) years later on June 1, 2009,[18] making it untimely under 15 U.S.C. § 1640(e).[19] Further, Plaintiffs have not alleged that Meridias engaged in any concealment of the actual TILA violation or that such violation was not discoverable at the time of signing, which would cause tolling of the statute of limitations.[20]

Second, although Plaintiffs have included a number of statutory recitations of TILA in their cause of action, the factual allegations as to the purported TILA violations are wholly unclear.[21] The allegations merely state that Defendant violated TILA in "numerous ways," with no TILA violation actually demonstrated.[22]

Additionally, Plaintiffs state that no Notice of Right to Cancel was delivered to them at the time of the loan's origination, which purportedly constituted a violation of TILA under 15

---

[13] 15 U.S.C. § 1640(e).
[14] *Monaco v. Bear Stearns Residential Mortg. Corp.*, 554 F. Supp. 2d 1034, 1039 (C.D. Cal. 2008) (quoting *King v. State of Cal.*, 784 F.2d 910, 915 (9th Cir. 1986)); see also Meyer v. Ameriquest Mortg. Co., 342 F.3d 899,902 (9th Cir.2003).
[15] *Id.* (citing 12 C.F.R. § 226.2(a)(13)).
[16] *King*, 784 F.2d at 915.
[17] RJN, Exhibits "2" & "3".
[18] See Complaint.
[19] See also *Nichols v. Greenpoint Mortgage Funding Inc.*, 2008 WL 3891126 (C.D.Cal.)
[20] Edejer v. DHI Mortgage Company, 2009 WL 1684714 *4 (N.D.Cal. 2009) citing *King, supra* at 915.
[21] Complaint ¶50 -66.
[22] *Id.*

-4-

---

**MOTIONS TO DISMISS, FOR A MORE DEFINITE STATEMENT**

1  U.S.C. §1635. Unfortunately for Plaintiffs, said Notices were not required as the loan was a

2  purchase money loan as described below, and thus, could not be rescinded under TILA. Thus,

3  Plaintiffs' claims are nothing more than fabrications that do no rise above the level of

4  speculation. Therefore, Plaintiffs' cannot state a claim for damages under TILA.

5           b. Rescission Under TILA

6        Furthermore, Plaintiffs are requesting rescission of the Note and Deed of Trust under 15

7  U.S.C. § 1635 based on Meridias' alleged failure to provide Plaintiffs with the required

8  disclosures.[23] However, TILA rescission is unavailable to Plaintiffs since 15 U.S.C. §

9  1635(e)(1) expressly exempts *Residential Mortgage Transactions*.[24]  15 U.S.C. § 1602(w)

10  provides that a *Residential Mortgage Transaction, is, in pertinent part,* "a transaction in which

11  a ... deed of trust... is created or retained against the consumer's dwelling to <u>finance the</u>

12  <u>acquisition</u> ... of such dwelling."[25]

13        As demonstrated in the Grant Deed, which was recorded concurrently with the Deeds of

14  Trust, (all of which are attached to the accompanying Request for Judicial Notice as Exhibits 1,

15  2 & 3), the Loans provided the financing for the acquisition of the  Property by Plaintiffs, and is

16  therefore exempt from the rescission provisions under TILA.

17        Additionally, and assuming Plaintiffs could demonstrate a TILA violation entitling them

18  to the extended rescission period, when a loan is rescinded under TILA, "... the obligor <u>shall</u>

19  tender the property to the creditor..."[26] Plaintiffs have not factually alleged their willingness or

20  ability to tender the principal amount of the Note – a tender of **$625,796.00** - to effect the

21  rescission under TILA.[27]  Plaintiffs will undoubtedly reply, asserting that 15 U.S.C. § 1635(b)

22  expressly provides that acceptance of the rescission is a *condition precedent* to tender.

23  However, the 9th Circuit has held that prior to ordering rescission based on a lender's alleged

24

25  ───────────────────

  [23] Complaint ¶50.

26    [24] 15 U.S.C. § 1635(e).

27    [25] See also In re Schweizer, 254 B.R.272, 280 (Bkrtcy.D.Idaho 2006); French v. Wilson, 446
  F.Supp 216, 218 (D.C.R.I. 1978)

28    [26] *Id.*; 12 C.F.R. § 226.23(d)(3) (Emphasis Added).
  [27] 15 U.S.C. § 1635(b); see RJN, Exhibit "2."

───────────────────

**MOTIONS TO DISMISS, FOR A MORE DEFINITE STATEMENT**

1  TILA violations, a court may require borrowers to prove ability to repay loan proceeds.[28]

2  Additionally, the 9th Circuit has explicitly conditioned rescission under TILA upon repayment,[29]

3  as the equitable goal of rescission under TILA is to restore the parties to the status quo ante.[30]

4  To the extent Plaintiffs will argue that 15 U.S.C. § 1635(b) mandates that a lender tender before

5  a borrower has to return the principal amount of the loan, Plaintiffs overlook the last sentence of

6  15 U.S.C. § 1635(b), which states: "The procedures prescribed by this subsection [15 U.S.C.

7  §1635(b)] shall apply **except when otherwise ordered by a court**." (Emphasis Added.) This

8  caveat is reasonable since many homeowners, such as Plaintiffs, are seeking rescission under

9  TILA under the three (3) year time period, when no TILA violation has occurred.

10      Simply put, without Plaintiffs' tender, rescission under TILA is an empty remedy, not

11  capable of being granted by a Court of law. Based on the foregoing, the First Cause of Action

12  should be dismissed without leave to amend.[31]

13      **3.      Plaintiffs' Negligence Claim is improper and insufficient.**

14      Plaintiffs' Third Cause of Action for Negligence cannot result in the granting of relief

15  because (a) the claim is barred by the statute of limitations, (b) it does not adequately plead all

16  the required elements of a negligence claim, (c) it is barred by the Economic Loss Doctrine and

17  (d) it alleges a claim that must be brought under contract law, not tort law.

18      **a.  The Elements of Negligence are inadequately pled.**

19      As an initial matter Plaintiffs' claim is time-barred by a two- year statute of limitations

20  since all of Plaintiffs' allegations involve negligence in the origination of the loan.[32] Further,

21  according to the familiar California formula, the allegations requisite to a cause of action for

22  negligence are: (1) facts showing a legal duty of care, (2) negligence constituting a breach of the

23

24  _____

25  [28] *Yamamoto v. Bank of New York,* 329 F.3d 1167, 1173 (9th Cir. 2003) (affirming summary
    judgment for lender in absence of evidence that borrowers could refinance or sell property).
26  [29] *Id.*
    [30] *Am. Mortgage Network v. Shelton,* 486 F.3d 815, 821 (4th Cir.2007)
27  [31] *FRCP*, Rule 12(b)(6).
28  [32] Code of Civil Procedure § 335.1.  The Loan was originated on June 1, 2006, therefore
    Plaintiffs had until June 1, 2008 to bring a negligence claim.

-6-

**MOTIONS TO DISMISS, FOR A MORE DEFINITE STATEMENT**

1    duty, and (3) injury to the plaintiff as a proximate result of the breach.[33] The existence of a legal

2    duty to use reasonable care in particular factual situation is a question of law for the court to

3    decide.[34] Contrary to this formula, Plaintiffs' claim for negligence is nothing more than a

4    formulaic recitation couched in legal conclusions that do not rise above the level of

5    speculation.[35]

6          "As a general rule, a financial institution owes no duty of care to a borrower when the

7    institution's involvement in the loan transaction does not exceed the scope of its conventional

8    role as a mere lender of money."[36] Lastly, a lender is under no duty to protect a borrower's

9    investment, unless the "lender 'actively participates' in the financial enterprise 'beyond the

10   domain of the usual money lender.'"[37]

11         All that is provided are generic allegations that Defendants breached their duty by

12   directing Plaintiffs into a loan which Plaintiffs were not qualified and Defendants failed to

13   maintain the original mortgage note, failed to properly create original documents and failed to

14   make the required disclosures to the Plaintiffs.[38] However, Plaintiffs have failed to explain how

15   they were directed to this unaffordable loan or any details as to how the purported failures

16   occurred.

17         Not only do these allegations, on their face, fail to demonstrate that Meridias had any

18   legal duty to Plaintiffs, but it is entirely unclear how the purported legal duties were breached

19   (e.g. there are no established TILA violations). Moreover, the Complaint does not contain a

20   single specific fact regarding Meridias that would rise above the level of speculation.[39]

21   _____

22   [33] *Peter W. v. San Francisco Unified School Dist.*, 60 Cal. App. 3d 814, 820 (1976).
     [34] Vasquez v. Residential Investments, Inc., 118 Cal.App.4th 269, 278.

23   [35] See Complaint; *Bell Atlantic Corp.*, 127 S. Ct. at 1965 (holding that allegations must rise

24   above the level of speculation and not be a formulaic recitation of the elements to the cause of
     action).

25   [36] *Nymark v. Heart Fed. Savings & Loan Assoc.*, 231 Cal.App.3d 1089 (1991).
     [37] *Wagner v. Benson*, 101 Cal.App.3d 27, 35 (1980) (quoting *Connor v. Great W. Savs. & Loan

26   Ass'n.*, 69 Cal.2d 850 (1968)).

27   [38] Complaint ¶ 74 & 66.
     [39] See Complaint; *Bell Atlantic Corp.*, 127 S. Ct. at 1965 (holding that allegations must rise

28   above the level of speculation and not be a formulaic recitation of the elements to the cause of
     action).

-7-

**MOTIONS TO DISMISS, FOR A MORE DEFINITE STATEMENT**

1   Additionally, as discussed below, fiduciary relationships did not exist between Plaintiffs and

2   any of the defendants, especially Meridias.

3            **b.  This Claim is barred by the Economic Loss Doctrine.**

4         The California Supreme Court, beginning in *Foley v. Interactive Data Corp.,*[40] held that

5   where relationships are "fundamentally contractual," contract rather than tort damages are the

6   only appropriate remedy.  Further affirming and solidifying the *Foley* holding in *Applied*

7   *Equipment Corporation v. Litton Saudi Arabia Ltd.,*[41] the California Supreme Court declined to

8   authorize tort or punitive damages for breach of contact between a contractor and a

9   subcontractor, holding that "damages for mental suffering and emotional distress are generally

10   not compensable in contract actions."  Thereafter, in *Erlich v. Menezes,*[42] the court went further,

11   holding that conduct amounting to a breach of contract becomes tortuous only when it also

12   violates a duty independent of the contract, arising from principles of tort law.  Thus, absent

13   conduct "extraneous to" the breach of contract, constituting an independent tort, tort damages

14   are barred in a breach of contract action.[43]

15         The ***only*** exception to this rule is the special relationship that exists between the parties

16   in an insurance contract.[44]  The Supreme Court has warned against extension of the special

17   relationship exception to other industries.[45]  ***To date, no court has extended the special***

18   ***relationship exception to the relationship between a lender and/or a trustee on the one hand***

19   ***and a borrower on the other hand.***  In fact, courts have refused to find a "special" or

20   "fiduciary" relationship between a lender or trustee and a borrower.[46]

21

22

23

---

24   [40] *Foley v. Interactive Data Corp.,* (1988) 47 Cal.App. 3d 654, 696.

25   [41] *Applied Equipment Corporation v. Litton Saudi Arabia Ltd.,* (1994) 7 Cal. 4th 503.

26   [42] *Erlich v. Menezes,* (1999) 21 Cal. 4th 543.
     [43] *Id. at 551.*

27   [44] *Freeman & Mills, Inc. v. Belcher Oil Company (1995) 11 Cal. 4th 85, 94.*
     [45] *Ibid.*

28   [46] *Price v. Wells Fargo (1989) 213 Cal.App. 3d 465; Kim v. Sumitomo Bank of California (1993) 17 Cal.App. 4th 974, 978-980.*

**MOTIONS TO DISMISS, FOR A MORE DEFINITE STATEMENT**

The relationship between the Plaintiff and Defendant is contractual and, accordingly, Plaintiffs' Complaint essentially presents a case founded in contract.[47]  Plaintiffs' allegations of fraud and negligence are based on nothing more than the representations made in these contractual instruments, i.e. the Note and Deed of Trust.  As explained, it is the Note, Deed of Trust, and statutes that govern any rights, duties, and breaches.  Any alleged wrongdoing by the Defendant must be viewed in the context of contract, not tort.  Plaintiffs' effort in seeking tort relief under these facts violates the economic loss rule.[48]  As such, Plaintiffs' tort claims should be dismissed with prejudice.

### 4.      The Fifth & Ninth Causes of Action are inapplicable.

The Fifth (Breach of Fiduciary Duty) and Ninth (Breach of Covenant of Good Faith and Fair Dealing) Causes of Action cannot be prosecuted against Meridias.

Initially, as a matter of law, there is no fiduciary relationship between a borrower and a lender:

> "It has long been regarded as 'axiomatic' that the relationship between a bank and its depositor arising out of a general deposit is that of a debtor and creditor.' [Citation.] 'A Debt is not a trust and there is not a fiduciary relation between debtor and creditor as such.' [Citation.]  The same principle should apply with even greater clarity to the relationship between a bank and its loan customers."[49]

Such a concept is grounded in the fact that a commercial lender is entitled to pursue its own economic interest in a loan transaction, which is inconsistent with the obligations of a fiduciary, who must knowingly subordinate his/her interest to act on behalf of and for the benefit of another.[50]

Here, Plaintiffs conclude that Brent Hicks, who was admittedly a loan officer and employee of Meridias, owed a fiduciary duty to Plaintiffs.  However, a loan officer is nothing

---

[47] *See Selden v. Diner*, 17 Cal. App. 4th 166, 172 (1993).

[48] *See Aas v. Super. Ct.*, 24 Cal. 4th 627, 652–53 (2000) (prohibiting tort recovery for a purely economic loss).

[49] *Kim v. Sumitomo Bank of California*, 17 Cal. App. 4th 974, 979 (1993).

-9-

---

**MOTIONS TO DISMISS, FOR A MORE DEFINITE STATEMENT**

more than an employee for a lender that creates loans.  Unlike a broker who has fiduciary obligations to one or of both the lender & borrower, a loan officer only acts as agent for the lender.

As described above, Plaintiffs seem to argue that by virtue of Arriola being a licensed real estate broker for Meridias as listed on California's Department of Real Estate website, that a fiduciary duty somehow magically appeared.  In fact, there are no facts whatsoever that Arriola participated in this transaction, especially since the Department of Corporation lists Arriola in Victorville, CA, some 400 miles away from the city of the transaction.  Thus, other than Hicks working with the Plaintiffs to get them a loan, there are no additional facts that would establish the existence of a fiduciary relationship between Plaintiffs and the lender Meridias.  Furthermore, these allegations directly challenge the well-settled "arms-length" transaction that is described above.

Lastly, Plaintiffs argue that they in fact hired Meridias Capital, Arriola and Hicks as their agents for the purpose of obtaining a Loan.  As a last attempt, Plaintiffs are trying to impose a duty of loyalty on the basis of agency principals.  Defendants were not "hired" as agents but in fact, Plaintiffs went to Meridias, a lender, and its employee Hicks to obtain a Loan.  There was no greater relationship created here than the ordinary borrower-lender relationship.

Furthermore, the Ninth Cause of action alleges the breach of the implied covenant of Good Faith and Fair Dealing in the origination of the loan. However, the implied covenant of good faith and fair dealing is limited to assuring compliance with the *express terms* of the contract, and cannot be extended to create obligations not contemplated by the contract.[51] In the absence of a specific agreement imposing an obligation of good faith bargaining, "[t]he fact that parties commence *negotiations looking to a contract... does not by itself impose any duty on*

---

[50] *Software Design & App. Ltd. v. Hoelter & Arnett, Inc.*, 56 Cal.Rptr.2d 756,760 (1996).
[51] 1 Witkin, Summary of California Law, (10th ed. 2005) Contracts § 802 p. 895.

-10-

**MOTIONS TO DISMISS, FOR A MORE DEFINITE STATEMENT**

1  *either party not to be unreasonable or not to break off negotiation, for any reason or for no*

2  *reason.*"[52]

3    In addition, "[b]orrower[s] and guarantors of commercial loan[s] [can] not maintain tort

4  cause[s] of action against bank[s] alleging breach of covenant of good faith and fair dealing"

5  because **these "contracting parties do not have fiduciary characteristics."**[53]

6  "…[T]ransactions between bank and borrowers and guarantors [involve] quintessentially

7  ordinary arms-length commercial transaction between two parties of equal bargaining strength,

8  any breach of which could adequately be remedied by ordinary contract damages."[54]

9    Here, Plaintiffs' seven paragraphs purporting to plead a cause of action for the breach of

10  the implied covenant of GFFD fail to state anything other than legal conclusions that a duty was

11  owed to Plaintiffs and that the duty was breached.[55] However, the allegations made by Plaintiffs

12  concern the negotiations and discussions occurring prior to Plaintiffs voluntarily execution the

13  Note and Deed of Trust.[56] Moreover, Plaintiffs have not provided facts to suggest that the

14  transaction between them and Meridias as the lender per the Deed of Trust exceeded an arms-

15  length transaction.[57]

16    Consequently, the Motion to Dismiss the Complaint's Fifth and Ninth Causes of Action

17  should be granted without leave to amend.[58]

18    **5.    Plaintiff's claim for Fraud fails.**

19    *FRCP*, Rule 9(b) expressly provides that "[i]n alleging fraud…a party must state with

20  particularity the circumstances constituting fraud…" A pleading satisfies particularity

21  requirement for fraud if it identifies circumstances constituting fraud so that a defendant can

22

23

---

24  [52] *Id.*; *Racine & Laramie, Ltd. v. Department of Parks & Recreation*, 11 Cal.App.4th 1026,
    1034 (1992) (emphasis added).

25  [53] *Mitsui Manufacturers Bank v. Superior Court*, 212 Cal.App.3d 726, 728 (1989) (emphasis
    added).

26  [54] *Id.*

27  [55] Complaint, ¶¶ 118-124.

    [56] *Id.*

28  [57] *Id.*

    [58] *FRCP*, Rule 12(b)(6).

-11-

---

**MOTIONS TO DISMISS, FOR A MORE DEFINITE STATEMENT**

1    prepare an adequate answer from the allegations.[59] The rule requiring that factual allegations in

2    a fraud claim be pled with specificity requires that defendants be informed of the claimed

3    wrong, enables defendants to formulate effective response, and protects defendants from

4    unfounded, conclusory charges of fraud.[60] In addition, the heightened pleading standards of

5    *FRCP*, Rule 9(b) applies with equal force to claims of negligent misrepresentation, as much as

6    they do to fraud claims.[61]

7         In the context of charging fraud against a business entity, like Meridias, as well as the

8    other defendants, the pleading standards are even more stringent requiring a plaintiff to name

9    the person who made the fraudulent representations, their authority to speak on behalf of the

10   business, when and to whom they spoke, and the contents and form (oral or written) of their

11   statements.[62]

12        In the present matter, the Complaint's Sixth Cause of Action does not meet the

13   heightened pleading standards of *FRCP*, Rule 9(b).  First, Plaintiffs' allegations, which are

14   incorporated by reference from the general allegations, do not provide adequate grounds to

15   claim fraud.  The initial allegation is that Brent Hicks told Plaintiffs that he could get them the

16   "best deal" and "best interest rates" which he should have known were "false and misleading."[63]

17   These purported statements are in no way false or misleading.  Getting Plaintiffs the "best deal"

18   is nothing more than mere puffery. Furthermore, Plaintiffs have not provided what that "best

19

20   _____

21   [59] *Deutsch v. Flannery*, 823 F.2d 1361, 1365 (9th Cir. 1987).
     [60] *Carl v. Galuska*, 785 F.Supp. 1283, 1287 (N.D.Ill.1992); *Bruns v. Ledbetter*, 583 F.Supp.
22   1050, 1051-1052 (S.D. Cal. 1984) (holding that distinction among defendants and their
     respective roles was required when the complaint merely lumped all defendants together,
23   alleging that each was agent of the others, and that all aided and abetted one another in
     conspiracy to defraud investors, and treating all 14 defendants as monolithic enterprise whose
24   sole purpose was to separate investors from their money); see also *Moore v. Kayport Package*
25   *Exp., Inc.*, 885 F.2d 531, 541 (9th Cir. 1989).
     [61] *Miller v. Allstate Ins. Co.*, 489 F.Supp.2d 1133, 1139 (S.D. Cal. 2007); see also *Small v. Fritz*
26   *Cos., Inc.*, 30 Cal.4th 167, 184 (2003); *Billy v. Arthur Young & Co.*, 3 Cal.4th 370, 407 (1992).
     [62] *Tarmann v. State Farm Mutual Auto Ins. Company*, 2 Cal.App.4th 153, 157 (1991); *Glen*
27   *Holly Entm't v. Tektronix, Inc.*, 100 F.Supp.2d 1086, 1094, 1096 n. 2 (C.D. Cal. 1999);
     *Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991).
28   [63] Complaint ¶ 25.

-12-

---

**MOTIONS TO DISMISS, FOR A MORE DEFINITE STATEMENT**

1    deal" was, or provided any terms or specifics as to the exact statements actually made.[64]  Also,

2    there were no allegations that the loan was not the best Plaintiffs could have obtained.[65]

3    Additionally, there is no standard in which to base the "best" loan, as one customer may

4    perceive the lowest interest at the shortest term possible the best while another many want the

5    lowest monthly payment  over the longest amortization period and agree to pay more in interest

6    therefore.

7        Plaintiffs then allege that Hicks promised Plaintiffs a discount on their loan in the amount

8    of $100,000.00.[66]  Again, Plaintiffs have not provided sufficient facts to support that this

9    statement amounted to fraud.  Plaintiffs did in fact receive a "discount" from the seller Pulte

10   Homes, which amounted to just over $100,000.00.  Otherwise, there are no other facts which

11   show that Plaintiffs were to receive this amount, or that they did not receive the amount as

12   promised.[67]

13       Finally, Plaintiffs claim that Hicks advised Plaintiffs he could get a fixed rate loan for the

14   purchase of their residence.[68] Ultimately Plaintiffs received two adjustable rate loans of which

15   they now complain.  Again, Plaintiffs have not pled that Hicks promised or represented that the

16   loan they would **actually receive** would be a fixed rate loan.  It is quite possible that Plaintiffs

17   during the loan negotiation chose to take the adjustable rate loans, even though a fixed rate was

18   offered, but more expensive. Finally, all of the terms of the loan were reduced into writing,

19   where Plaintiffs were required to read and understand the terms prior to executing the loan

20   documents. Despite the illusion that Plaintiffs have actually supplied enough factual support to

21   withstand a Motion to Dismiss, here these allegations are nothing more than a meager attempt at

22   relief.  There are no statements or representations provided here that demonstrate that fraud was

23   part of the transaction.  Moreover, other than generic boilerplate allegations that Defendants

24

25
_____

26   [64] Complaint.

27   [65] Complaint.
     [66] Complaint ¶ 24.

28   [67] Complaint ¶24.
     [68] Complaint ¶ 25.

**MOTIONS TO DISMISS, FOR A MORE DEFINITE STATEMENT**

made representations that were false,[69] which does not meet the stringency of Rule 9(b), Meridias is no sufficiently apprised of what it is called on to answer.

In addition, a necessary element of fraud in the execution is reasonable reliance.[70]

> "This issue usually arises when the plaintiff failed to read the terms of the contract, relying instead on the defendant's representation as to the effect of the contract. Generally, it is not reasonable to fail to read a contract; this is true even if the plaintiff relied on the defendant's assertion that it was not necessary to read the contract.[71]

Further, "[f]raud that should be apparent…is not actionable."[72]

Here, Plaintiffs are contending that they relied on the material representations made by Hicks,[73] but as demonstrated above that is not justified reasonable reliance. The loans and their disclosures are clear as to what the terms of the loan entailed. Therefore, Plaintiffs are unable to prove an essential element to a fraud cause of action.[74]

Due to the foregoing, the Sixth Cause of Action should be dismissed without leave to amend.[75]

      6.     **The Seventh Cause of Action for Violation of *Bus. & Prof.* § § 17200 is defective.**

To bring a claim under the California Unfair Competition Law (*Bus. & Prof. Code* § 17200 et seq., which includes § 17500 as its false advertising law) (the "UCL"), a plaintiff must show either an (1) unlawful, unfair, or fraudulent business act or practice, or (2) unfair, deceptive, untrue, or misleading advertising,[76] and the claim must be supported by facts

---

[69] Complaint ¶ 20-21.
[70] *Brown v. Wells Fargo Bank, NA,* 168 Cal. App. 4th 938, 958 (2008).
[71] *Id.* at 959.
[72] *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 975 (9th Cir. 2002).
[73] Complaint ¶ 89-90.
[74] See *Brown,* 168 Cal. App. 4th at 958; *Shamsian v. Atlantic Richfield Co.,* 107 Cal. App. 4th 967, 983 (2003).
[75] *FRCP,* Rule 12(b)(6).
[76] *Stewart v. Life Ins. Co. of North America,* 388 F.Supp.2d 1138, 1143 (2005) (citing *Lippitt v. Raymond James Fin. Servs.*, 340 F.3d 1033, 1043 (2003) for its quotation of *Bus. & Prof. Code* § 17200); see *Bus. & Prof. Code* § 17500.

-14-

**MOTIONS TO DISMISS, FOR A MORE DEFINITE STATEMENT**

1   described with reasonable particularity.[77]  Also, a UCL claim can only apply to ongoing

2   conduct, relief is not available to remedy past conduct.[78]

3          "Unlawful Conduct" is defined as "any practices forbidden by law, be it civil or

4   criminal, federal, state, or municipal, statutory, regulatory, or court-made,"[79] while "an 'unfair'

5   business practice occurs when it offends an established public policy or when the practice is

6   immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers."[80]

7   "Fraudulent Conduct", on the other hand, "does not refer to the common law tort of fraud but

8   only requires a showing members of the public are likely to be deceived."[81]  In fact, statements

9   are only actionable under the UCL if they are likely to deceive a reasonable consumer.[82]  In

10  terms of deceiving the public, a "reasonable person" standard is applied,[83] and the alleged

11  misrepresentations have to be disseminated to, or likely to mislead, the general public.[84]  Claims

12  under California's Unfair Competition Law (UCL), False Advertising Law, and Consumers

13  Legal Remedies Act (CLRA) are governed by the reasonable consumer test, whereby plaintiff

14  must show that members of the public are likely to be deceived.[85]  "[T]he primary evidence in a

15  false advertising case is the advertising itself."[86]

16  ────────────────────

17  [77] *Khoury v. Maly's of California, Inc.*, 14 Cal.App.4th 612, 619 (1993).

18  [78] *Mangini v. Aerojet-General Corp.*, 230 Cal.App.3d 1125, 1155-56 (1991).
    [79] *Saunders v. Superior Court*, 27 Cal.App.4th 832, 838-39 (1994) (citing *People v. McKale*, 25

19  Cal.3d 626, 632 (1979)).
    [80] *People v. Casa Blanca Convalescent Homes, Inc.*, 159 Cal.App.3d 509, 530 (1984).

20  [81] *Olsen v. Breeze, Inc.*, 48 Cal.App.4th 608, 617-618 (1996) (citing *Bank of the West v.*

21  *Superior Court*, 2 Cal.4th 1254, 1267 (1992)).
    [82] *Stickrath v. Globalstar, Inc.*, 527 F.Supp.2d 992, 989 (2007); see *Freeman v. Time, Inc.*, 68

22  F.3d 285, 289 (1995); *Consumer Advocates v. Echostar Satellite Corp.*, 113 Cal.App.4th 1351,
    1360 (2003).

23  [83] *Freeman*, 68 F.3d at 289; see *California State Board Of Funeral Directors And Embalmers* v.

24  *Mortuary in Westminster Memorial Park*, 271 Cal.App.2d 638, 642 (1969) (applying standard
    of "what a person of ordinary intelligence"); *Audio Fidelity, Inc. v. High Fidelity Recordings,*

25  *Inc.*, 283 F.2d 551, 557 (1960) (applying standard of "the eye of the ordinary purchaser" to the
    interpretation of unfair competition and misleading advertising under California law).

26  [84] *Express, LLC v. Fetish Group, Inc.*, 464 F.Supp.2d 965, 980 (2006) ("[Plaintiff] does not

27  point to any evidence suggesting that the representations concerning the copyright were
    disseminated to the public, let alone likely to deceive the public").

28  [85] *Williams v. Gerber Products Co.*, 552 F.3d 934, 938 (2008).
    [86] *Brockey v. Moore*, 107 Cal.App.4th 86, 100 (2003).

-15-

**MOTIONS TO DISMISS, FOR A MORE DEFINITE STATEMENT**

1     Moreover, prevailing plaintiffs under the UCL are generally limited to injunctive relief

2    and restitution (§ 17203),[87] and they "may not receive damages, much less treble damages, or

3    attorney fees."[88]  Further, the concept of vicarious liability has no application to actions brought

4    under the UCL; rather, a defendant's liability must be based on his personal participation in the

5    unlawful practices and unbridled control over the practices.[89]

6     In the present matter, Plaintiffs have absolutely failed to state a UCL claim under §

7    17200 against Meridias.  First, the Complaint does not distinguish between the named

8    defendants with respect to the conduct alleged.[90]  Since there is no vicarious liability under the

9    UCL, the Seventh Cause of Action fails on its face for not particularly alleging which defendant

10    is allegedly liable for which conduct.[91]

11     Second, the Seventh Cause of Action fails to contain a single factual allegation that

12    Meridias has violated any law, engaged in unfair competition or made any fraudulent

13    representations.[92]  In fact, the Seventh Cause of Action relies completely on the prior causes of

14    action, which as shown above fail to state a claim, especially Plaintiffs' TILA cause of action.[93]

15    Thus, this claim can only be valid if it is particularly alleged that fraudulent conduct or unfair

16    competition occurred.[94]

17     For the reasons above, the Motion to Dismiss should be granted without leave to amend

18    as to the Seventh Cause of Action.[95]

19    ///

20    ///

21

22   [87] *Stewart*, 388 F.Supp.2d at 1144; see *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal.4th 163, 179 (1999) (citing *ABC Int'l Traders, Inc. v. Matsushita Electric*

23   *Corp.*, 14 Cal.4th 1247, 1268 (1997)); see also *Brockey*, 107 Cal.App.4th at 100.
[88] *Cel-Tech Communications, Inc.,* 20 Cal.4th at 179 (citing *Bank of the West,* 2 Cal.4th at

24   1266).
[89] *Emery v. Visa Internat. Service Ass'n,* 95 Cal.App.4th 952, 960 (2002).

25   [90] See Complaint.

26   [91] See *Emery,* 95 Cal.App.4th at 960.
[92] See Complaint.

27   [93] Complaint ¶ 106-110.

28   [94] See *Business & Professions Code* § 17200.
[95] *FRCP*, Rule 12(b)(6).

**MOTIONS TO DISMISS, FOR A MORE DEFINITE STATEMENT**

**7.    The Breach of Contract Cause of Action is insufficient.**

The Eighth Cause of Action for Breach of Contract is entirely insufficient.[96] A cause of action for breach of contract requires a pleading of the following: (a) the contract; (b) Plaintiff's performance or excuse for non-performance; (c) Defendant's breach; and (d) damage to Plaintiff.[97] Further, "[w]here a party relies upon a contract in writing, and it affirmatively appears that all the terms of the contract are not set forth in *haec verba*, nor stated in their legal effect, but that a portion which may be material has been omitted, the complaint is insufficient."[98] Additionally, the facts constituting the defendant's breach should be stated with certainty.[99]

Plaintiffs bring this action presumably based on the Note and Deed of Trust and claims that Defendants breached their agreement with Plaintiffs by failing to "obtain payment and interest rates as promised, failing to submit an accurate loan application, failing to supervise, failing to provide loan documents and failing to explain the loan documents."[100] However, not only does the Complaint fail to distinguish which defendants were actually parties to the loan agreement, but Plaintiffs are claiming "breaches" of the agreement for such things as failing to refinance to mortgage as promised.[101]  But there is no "promise to refinance" provision in the Note and Deed of Trust, [102] nor is there an "affordable loan" provision.  Thus, to the extent that Plaintiffs are trying to incorporate new terms into the contract, Plaintiffs are barred by the Parol Evidence Rule.[103] Further, Plaintiffs claim that they fully performed under contract with Meridias, Arriola and Hicks.[104] In fact, Plaintiffs point out that it was Defendants breach which

---

[96] See Complaint ¶ ¶ 102-107.
[97] B.E. Witkin, *California -Procedure*, Vol. 4 Pleading §515, pg. 648 (WEST 5th Ed., 2008).
[98] *Gilmore v. Lycoming Fire Ins. Co.*, 55 Cal. 123, 124 (1880).
[99] See *Poirier v. Gravel*, 88 Cal. 79, 82 (1891); *Levy v. State Farm Mut. Auto Ins. Co.*, 150 Cal. App. 4th 1, 5 (2007).
[100] Complaint, ¶ 114.
[101] Complaint ¶114.
[102] RJN, Exhibits "2" – "3".
[103] *Winet v. Price*, 4 Cal.App.4th 1159, 1165, (1992).
[104] Complaint, ¶ 113.

-17-

---

1    sent Plaintiffs into foreclosure instead of financing their mortgage as agreed.[105] Yet there is

2    absolute no agreement pled to this effect.

3         This Claim is nothing more than a restatement of the fraud cause of action and should be

4    dismissed without leave to amend.[106]

5    **C.**   **Alternatively, A More Definite Statement Is Required**.

6         *FRCP* Rule 12(e) states in part:

7              If a pleading to which a responsive pleading is permitted is so

8              vague or ambiguous that a party cannot reasonably be required to
     frame a responsive pleading, the party may move for a more

9              definite statement.

10        A motion for more definite statement will be granted where the complaint does not

11   apprise the defendant of the substance of the claim being asserted.[107] A FRCP Rule 12(e)

12   motion is proper where the complaint is so indefinite that the defendant cannot ascertain the

13   nature of the claim being asserted and is therefore unable to frame a proper response.[108]

14        As demonstrated above, the claims against Meridias are vague, unclear, uncertain and

15   indefinite, which makes it impossible for Meridias to frame a proper response. Thus, Plaintiffs,

16   at minimum, should be required to provide a more definite statement of the entire Complaint

17   and all of its paragraphs. As the *Frederick v. Koziol*[109] court held, it is only in situations where

18   the complaint gives the defendant <u>fair notice of the claims</u> against him, that a motion for more

19   definite statement will be denied.[110] The Complaint's allegations are so sparse that the

20   Defendants are prejudiced by not knowing how to respond. Therefore, the Court should grant

21   the Motion for a More Definite Statement pursuant to *FRCP* Rule 12(e).

22   ///

23   ///

24   ///

25

26   [105] Complaint, ¶ 115.
27   [106] *FRCP*, Rule 12(b)(6).
     [107] *FRA S.P.A v. Surg-O-Flex of America*, 415 F. Supp. 421, 427 (S.D.N.Y. 1976).
28   [108] *Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F. Supp. 940, 949 (E.D. Cal. 1981).
     [109] *Frederick v. Koziol*, 772 F. Supp. 1019 (E.D. Va. 1990).

-18-

**MOTIONS TO DISMISS, FOR A MORE DEFINITE STATEMENT**

IV.    **CONCLUSION**

Based upon the foregoing, Meridias respectfully request that the Court grant its Motion to Dismiss the Complaint without leave to amend. Alternatively, it is respectfully requested that the Court grant its Motion for a More Definite Statement.

Respectfully submitted,

WRIGHT, FINLAY & ZAK, LLP

Dated:  August 24, 2009           By:    */T. Robert Finlay, Esq./*
                                          T. Robert Finlay, Esq.
                                          Nicole K. Neff, Esq.
                                          Attorneys for Defendants,
                                          MERIDIAS CAPITAL, INC.

---

[110] *Id.* at 1021.

-19-

---

**MOTIONS TO DISMISS, FOR A MORE DEFINITE STATEMENT**

**PROOF OF SERVICE**

I, Stephanie Machado, declare as follows:

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 4665 MacArthur Court, Suite 280, Newport Beach, California 92660.

On August 24, 2009, I served the foregoing document(s) described as **NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT** on the interested parties in this action as follows:

LANAHAN & REILLEY
Michael J.M. Brook, Esq.
600 Bicentenial Drive, Suite 300
Santa Rosa, CA 95403
Ph: (707) 524-4200; Fax: (707) 523-4610

[X]   (BY MAIL) I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Newport Beach, California. I am readily familiar with the firm's business practice for collection and processing of correspondence for mailing with the U.S. Postal Service pursuant to which practice the correspondence is deposited with the U.S. Postal Service the same day in the ordinary course of business.

[ X ]   (BY ELCTRONIC SERVICE) Pursuant to CM/ECF System, registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities. The Court's CM/ECF systems sends an e-mail notification of the filing to the parties and counsel of record listed above who are registered with the Court's EC/ECF system.

[X]   (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 24, 2009, at Newport Beach, California.

_____ Stephanie Machado