UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

GARY T. WONG and MARIA WONG

      Plaintiffs,

    v.

AMERICAN SERVICING COMPANY,
INC., LITTON LOAN SERVICING,
MERIDIAS CAPITAL, INC., FIRST
AMERICAN LOANSTAR TRUSTEE
SERVICES, MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,
MERIDIAS CAPITAL INC. WILLIAM
A. ARRIOLA, BRENT HICKS and
DOES 1-20 inclusive,

      Defendants.
_____/

NO. 2:09-CV-01506 FCD/DAD

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on the motions of Meridias
Capital, Inc. ("Meridias"), Brent Hicks ("Hicks"), American
Servicing Company, Inc. ("American Servicing"), Mortgage
Electronic Registration Systems, Inc. ("MERS"), and First
American Loanstar Trustee Services ("Loanstar") to dismiss
plaintiffs' Third Amended Complaint ("TAC") pursuant to Federal

1

1  Rule of Civil Procedure ("FRCP") 12(b)(6).  On March 23, 2010,
2  plaintiffs Gary T. Wong and Maria Wong (collectively,
3  "plaintiffs") filed plaintiff filed a statement of non-
4  opposition, requesting that their claims for violations of the
5  Truth in Lending Act ("TILA") and the Real Estate Settlement
6  Procedures Act ("RESPA") against the moving defendants be
7  dismissed without prejudice.  (Docket #s 60-2, 60-3, 61-2, 61-3.)
8  On April 8, 2010, plaintiffs filed a notice of voluntary
9  dismissal of the TILA and RESPA claims against defendant Dyck
10 O'Neal, Inc., who had not yet been served.  (Docket #68.)

11      Based on plaintiffs' filings, the court dismisses the RESPA
12 and TILA claims asserted in the TAC.  <u>See, e.g.</u> Fed. R. Civ. P.
13 41(a); <u>Swedberg v. Marotzke</u>, 339 F.3d 1139 (9th Cir. 2003) (a
14 defendant's filing of a motion to dismiss, pursuant to Rule
15 12(b), does not prevent the plaintiffs from later filing a
16 voluntary dismissal).

17      Dismissal of the RESPA and TILA claims leaves the complaint
18 devoid of any federal claims.  The remaining claims are state law
19 claims for violation of the California Rosenthal Act, negligence,
20 breach of fiduciary duty, fraud, violation of California Business
21 and Professions Code § 17200 <u>et seq.</u>, breach of contract, breach
22 of the implied covenant of good faith and fair dealing, and
23 wrongful foreclosure.

24      Subject to the conditions set forth in 28 U.S.C. § 1367(c),
25 district courts may decline to exercise supplemental jurisdiction
26 over state law claims.  <u>See</u> <u>Acri v. Varian Assoc., Inc.</u>, 114 F.3d
27 999, 1000 (9th Cir. 1997) (en banc).  The court's decision
28 whether to exercise supplemental jurisdiction should be informed

by values of "economy, convenience, fairness, and comity."  Id.
at 1001 (citations omitted).  Further, primary responsibility for
developing and applying state law rests with the state courts.
Therefore, when federal claims are eliminated before trial,
district courts should usually decline to exercise supplemental
jurisdiction.  See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343,
350 (1988); Gini v. Las Vegas Metropolitan Police Dept., 40 F.3d
1041, 1046 (9th Cir. 1994) ("In the usual case in which federal-
law claims are eliminated before trial, the balance of factors
. . . will point toward declining to exercise jurisdiction over
the remaining state law claims.") (quoting Schneider v. TRW Inc.,
938 F.2d 986, 993 (9th Cir. 1991)).  In accordance with Section
1367(c), the court declines to exercise supplemental jurisdiction
over plaintiffs' remaining state law claims.

     Plaintiffs' complaint is therefore DISMISSED without
prejudice.

     IT IS SO ORDERED.

DATED: May 7, 2010

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE